Tuesday, 02 October, 2018 03:59:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK HYZY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-3093 |
| | ) | |
| THE STATE OF ILLINOIS; JAMES DIMAS, Secretary of the Illinois Department of Human Services, in his official and individual capacities; FELICIA F. NORWOOD, Director of the Illinois Department of Healthcare and Family Services, in her official and individual capacities; DOES 1-10, in their official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Partial Motion to Dismiss and Memorandum (d/e 13) filed by Defendants State of Illinois, Felicia Norwood[1], and James T. Dimas. Defendants move to

---

[1] The Court notes that Patricia R. Bellock is currently the Director of the Illinois Department of Healthcare and Family Services. Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in an official capacity ceases to hold office. The public officer's successor

dismiss Counts 10 and 11 of Plaintiff Mark Hyzy's pro se Complaint. Defendants also move to dismiss Does 1-10.

The Motion is GRANTED IN PART and DENIED IN PART. The Court accepts Plaintiff's concession and dismisses Counts 10 and 11. The Court denies the motion to dismiss Does 1-10 at this time.

## I. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff's claims are based on federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## II. FACTS ALLEGED IN THE COMPLAINT

On April 25, 2018, Plaintiff filed a Complaint Under 42 U.S.C. § 1983 and § 1988 for Declaratory and Other Relief against the State of Illinois; James T. Dimas, Secretary of the Illinois

---

is automatically substituted as a party. Therefore, Bellock is substituted as a party for the official capacity claim against Norwood.

Department of Human Services; Felicia F. Norwood, Director of the Illinois Department of Healthcare and Family Services; and Does 1-10.  Plaintiff alleges that Does 1-10 may include "Defendants Dimas and Norwood officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with Defendants Dimas and Norwood."  Compl. ¶ 11.  Plaintiff also alleges that identification and determination of the acts or omissions of Does 1-10 will be through pretrial discovery.  Id.

The claims against the individual defendants are brought against them in their individual and official capacities.  The only claim brought against Defendant State of Illinois is Count 11, a state law claim for indemnity pursuant to 5 ILCS 550/0.01 et seq.

Plaintiff alleges he became disabled in August 2013, applied for Medicaid in 2013, and applied for medical expense reimbursement under the Illinois Medicaid program in 2015.  Plaintiff alleges that Defendants Dimas, Norwood, and Does 1-10 failed to reimburse him for medical expenses he incurred prior to being approved for Medicaid services.  Plaintiff alleges that this failure violated his due process rights under the Fifth and

Fourteenth Amendments (Counts 1-4), the Social Security Act (Counts 5-9), and the court order issued in <u>Cohen v. Quern</u>, United States District Court for the Northern District of Illinois Case No. 79-C-2447, that required direct reimbursement to Medicaid recipients (Count 10).  See <u>Cohen v. Quern</u>, 608 F. Supp. 1324 (N.D. Ill. 1984) (holding, in class action case, that the Illinois Medicaid program was required to credit toward spend down all medical bills incurred for which the applicant was currently liable and those medical bills paid by third parties who are not legally obligated to pay; also holding that the Illinois Medicaid program must force providers who regularly participate in the program to provide full refunds to beneficiaries for services obtained during the retroactivity period and accept reimbursement at Medicaid rates).

As is relevant to the Partial Motion to Dismiss, Plaintiff alleges in Count 10 that Defendants violated or caused to be violated the <u>Cohen</u> court's order that required Defendants to pay, or cause to be paid from state funds, reimbursement directly to Medicaid recipients for out-of-pocket medical expenses which should have been paid by Medicaid.  In Count 11, brought solely against the

State of Illinois, Plaintiff alleges that, if a judgment for damages is awarded, the State is required to indemnify Defendants Dimas, Norwood, and Does 1-10 for damages awarded, costs, and attorney's fees pursuant to the Illinois State Employee Indemnification Act, 5 ILCS 350/0.01 et seq.

Plaintiff seeks declaratory relief, compensatory damages, punitive damages, attorney's fees, and costs.

### III. LEGAL STANDARD

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and

construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges facts from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### IV. ANALYSIS

In their Partial Motion to Dismiss, Defendants move to dismiss Counts 10 and 11 of the Complaint. Defendants assert that Count 10 should be dismissed because Plaintiff seeks to enforce a permanent injunction and orders entered by a court in the Northern District of Illinois, Cohen v. Quern, Case No. 79-C-2447 (N.D. Ill.). Defendants argue that Plaintiff's request in Count 10 should be brought before the court in the Northern District of Illinois that originally issued the permanent injunction that Plaintiff seeks to enforce. See, e.g., United States v. Fisher, 864 F.2d 434, 436 (7th

Cir. 1988) (holding that "when a court issues an injunction, it automatically retains jurisdiction to enforce it"). Defendants also seek to dismiss Count 11—the state law claim for indemnity brought against the State of Illinois—because the State Employee Indemnification Act does not provide a private cause of action.

Plaintiff concedes that Count 10 should be dismissed without prejudice so that Plaintiff may file an appropriate action in the Northern District of Illinois. Plaintiff further concedes that Count 11 should be dismissed, citing Stone v. Pepmeyer, No. 07-CV-1198, 2011 WL 1627076 (C.D. Ill. Apr. 28, 2011), which held that the Eleventh Amendment prohibited joinder of the State as a necessary party even if the State may at some point be liable to pay a judgment or settlement.

The Court accepts Plaintiff's concession. The Court finds that Count 10 was improperly brought in this Court and that Count 11, the claim for indemnity from the State of Illinois, is barred by the Eleventh Amendment. Therefore, Counts 10 and 11 are dismissed without prejudice.

Defendants also move to dismiss the Does 1-10, who are named as defendants in Counts 1 through 9 of the Complaint. Defendants assert that Plaintiff has failed to plead sufficient facts to state any cause of action against the Does 1-10. Defendants also assert that, to the extent Plaintiff is attempting to allege a conspiracy, he has failed to do so with the required specificity.

Plaintiff responds that he has been unable to identify other possible defendants in "the two vast State bureaucracies, or know what role they played in the allegations leading to the Complaint." Resp. at 3. Plaintiff asserts that dismissing Does 1-10 prior to discovery would deprive Plaintiff "of his right to seek a remedy" and "deny him potential witnesses to other defendants['] alleged unlawful actions and omissions." Id. at 4. According to Plaintiff, because the claims in Counts 1-9 are legally sufficient, the claims against Does 1-10 are legally sufficient. Finally, Plaintiff states that he is not asserting a conspiracy claim.

The Seventh Circuit has held that naming anonymous defendants is "pointless" because doing so does not allow relation back under Federal Rule of Civil Procedure 15 or "otherwise help

the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997). However, the Seventh Circuit has also recognized that in some instances, a plaintiff may be "injured as a consequence of the actions of an unknown member of a collective body." Billman v. Ind. Dep't of Corr., 56 F.3d 785, 789 (7th Cir. 1995). In such cases, identifying the responsible party may be impossible without pretrial discovery. Id. (also noting that the district court has a duty to assist such a plaintiff—within reason—in making the necessary investigation).

In this case, Defendants do not challenge that Plaintiff has stated a claim in Counts 1 through 9 against Defendants Dimas and Norwood. Plaintiff alleges that additional defendants may be responsible for the actions alleged in Counts 1 through 9 but that he is unable to ascertain their identities without some discovery. Therefore, the Court will not strike Does 1-10 at this time but will allow Plaintiff to conduct discovery to determine their identities and add them as parties. Magistrate Judge Tom Schanzle-Haskins shall, as part of his Scheduling Order, set appropriate deadlines for

discovery of the identity of Does 1-10 and a deadline for adding such defendants.

## V. CONCLUSION

For the reasons stated, Defendants' Partial Motion to Dismiss and Memorandum (d/e 13) is GRANTED IN PART and DENIED IN PART. Counts 10 and 11 are DISMISSED. Does 1-10 shall remain as defendants at this time. Defendants shall file an answer to the remaining Counts of the Complaint on or before October 16, 2018. **Magistrate Judge Tom Schanzle-Haskins shall, as part of his Scheduling Order, set deadlines for Plaintiff to conduct discovery regarding the identities of Does 1-10 and a deadline for adding such individuals as defendants.** Pursuant to Federal Rule of Civil Procedure 25(d), Patricia R. Bellock is substituted as a party for the official capacity claim against Norwood. The individual capacity claim against Norwood remains.

**ENTERED: October 2, 2018**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**