IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK HYZY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-3093 |
| | ) | |
| PATRICIA R. "PATTI" BELLOCK, Director of the Illinois Dept. of Healthcare and Family Services (HFS), in her official and individual capacities; JAMES T. DIMAS, Secretary of the Illinois Dept. of Human Services (DHS), in his official and individual capacities; TERESA HURSEY, former Interim Director of HFS and Director of Medical Programs of HFS, in her official and individual capacities; FELICIA F. NORWOOD, former Director of HFS, in her official and individual capacities; and DOES 1-10, in their HFS or DHS official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss First Amended Complaint (d/e 29) filed by Defendants Felicia F.

Norwood, James T. Dimas, and Patricia R. Bellock (hereinafter, collectively referred to as Defendants).[1] Defendants assert that the official capacity claims are barred by the Eleventh Amendment, the individual capacity claims are moot, and that the intentional infliction of emotional distress claim is barred by sovereign immunity and public official immunity.

The Motion is GRANTED IN PART and DENIED IN PART. The Court grants the motion to dismiss the official capacity claims and the intentional infliction of emotional distress claim. The Court denies the motion to dismiss the individual capacity claims as moot.

## I. JURISDICTION

This Court has federal question jurisdiction over Counts I through IX because those Counts allege violations of a federal statute. See 28 U.S.C. ' 1331. The Court has supplemental jurisdiction over Count X, which alleges violations of state law arising from the same general set of facts. See 28 U.S.C. ' 1367(a).

---

[1] The docket reflects that a request for waiver of service was sent to Defendant Teresa Hursey on January 30, 2019, but Hursey has not waived service. On April 11, 2019, Magistrate Judge Tom Schanzle-Haskins entered a text order directing the Clerk to issue a summons.

Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred within the judicial district of this Court.  See 28 U.S.C. ' 1391(b)(2) (a civil action may be brought in Aa judicial district in which a substantial part of the events or omissions giving rise to the claim occurred@).

## II. BACKGROUND

On April 25, 2018, Plaintiff Mark Hyzy, pro se, filed a Complaint and, on January 30, 2019, filed a First Amended Complaint Under 42 U.S.C. § 1983 and § 1988 for Declaratory and Other Relief.  Plaintiff names as Defendants Patricia R. "Patti" Bellock, the Director of the Illinois Department of Healthcare and Family Services (HFS); James T. Dimas, Secretary of the Illinois Department of Human Services (DHS); Teresa Hursey, the Interim Director of HFS from June 15, 2018 until July 11, 2018 and the Medicaid Director for HFS since 2013, effective July 11, 2018; Felicia F. Norwood, former Director of HFS; and Does 1-10.  The claims against the defendants are brought in their individual and official capacities.  Plaintiff asserts that HFS is legally responsible for administering Medicaid while DHS operates the Medicaid program for HFS.

The following facts come from the Complaint and are accepted as true at the motion to dismiss stage. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

In 2013, Plaintiff submitted two applications for Medicaid benefits. Plaintiff's applications were approved but later closed, with one of the cases being closed because Plaintiff did not meet the spenddown requirements. Plaintiff appealed the closure of both Medicaid cases. In 2015, corrections were made regarding both cases, making Plaintiff eligible to be retroactively reimbursed by DHS for Plaintiff's out-of-pocket medical expenses totaling $2,388. Plaintiff submitted a C-13 Vendor Payment Form seeking said reimbursement. Plaintiff never received approval, denial, or reimbursement from DHS. In February 2018, Plaintiff resubmitted the Form seeking reimbursement.

On September 13, 2018 (after Plaintiff originally filed this lawsuit but before he filed his First Amended Complaint), Plaintiff received partial payment of his reimbursement. On September 21, 2018, Plaintiff received the remainder of his reimbursement.

Plaintiff contends that Defendants illegally denied or caused to be denied, without notice or a meaningful opportunity to be

heard, Plaintiff's 2015 reimbursement requests until September 2018. Plaintiff's First Amended Complaint contains the following causes of action:

> Count 1: Violation of the Fifth Amendment right to due process before taking property
>
> Count 2: Violation of Fourteenth Amendment due process rights for failure to provide constitutionally adequate notice before denying medical expense reimbursement
>
> Count 3: Violation of Fourteenth Amendment due process rights for failure to provide constitutionally adequate opportunity to be heard before denying medical expense reimbursement
>
> Count 4: Violation of Fourteenth Amendment right to due process under 42 U.S.C. §§ 1983 and 1988 for failure to promptly make corrective payments
>
> Count 5: Violation of Social Security Act under 42 U.S.C. §§ 1983 and 1988 for failure to provide medical assistance when eligible
>
> Count 6: Violation of Social Security Act under 42 U.S.C. §§ 1983 and 1988 for failure to promptly make corrective payments
>
> Count 7: Violation of Social Security Act under 42 U.S.C. §§ 1983 and 1988 for failure to provide comparable services
>
> Count 8: Violation of Social Security Act under 42 U.S.C. §§ 1983 and 1988 for failure to provide timely written notice before denying or reducing benefits

> Count 9: Violation of Social Security Act under 42 U.S.C. §§ 1983 and 1988 for failure to provide written notice of decision and notice of right to hearing after denying or reducing benefits
>
> Count 10: State law claim for intentional infliction of emotional distress

The original complaint sought reimbursement of the $2,388, in addition to other relief. Because Plaintiff has now received the reimbursement, Plaintiff seeks, in the First Amended Complaint, a declaratory judgment as to Counts 1 through 10 finding the Defendants violated Plaintiff's rights; compensatory damages, including interest on the $2,388 paid by Defendants and payment for emotional distress/mental anguish in the amount of $50,000; punitive damages; court costs, attorney's fees (if Plaintiff is later represented by counsel), and such other relief the Court may find just and proper.

On February 13, 2019, Defendants Bellock, Dimas, and Norwood filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458

(7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges facts from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### IV. ANALYSIS

Defendants first argue that Plaintiff's claims against them in their official capacity are barred by the Eleventh Amendment. Plaintiff concedes that that official capacity claims for declaratory

relief are barred by the Eleventh Amendment because he does not allege an ongoing violation of federal law and the State has not waived its immunity under the Eleventh Amendment.

The Court accepts Plaintiff's concession and dismisses the claims against all of the Defendants in their official capacity.

Defendants next seek dismissal of Plaintiff's claims against them in their individual capacity as moot because Plaintiff's claim for reimbursement has been paid.

An action must be dismissed as moot if an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit. Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) (holding that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case"). A case is moot if it is impossible for the court to grant effectual relief. See Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012). The case is not moot, however, if the parties have a concrete interest in the outcome of the litigation, no matter how small. Chafin v. Chafin, 568 U.S. 165, 172 (2013).

Defendants contend that the case is moot because Plaintiff has been paid the reimbursement Plaintiff originally sought. While

recognizing that Plaintiff seeks "compensatory interest or punitive damages," (Reply at 3 (d/e 33)), Defendants argue that Plaintiff has not shown a statutory or other basis for such relief against Defendant in their individual capacity.  However, the party asserting mootness bears the burden of persuasion, and Defendants have not cited to any authority that Plaintiff is not entitled, as a matter of law, to the relief he seeks.  See Wis. Right to Life, Inc. v. Schober, 366 F.3d 485, 491 (7th Cir. 2004) (burden of persuasion is on the party asserting mootness).  Because Plaintiff has a concrete interest in the outcome of the litigation, the case is not moot.

Finally, Defendants argue that Plaintiff's intentional infliction of emotional distress claim (Count X) is barred by sovereign immunity and public official immunity.

Under Illinois law, the State of Illinois cannot be made a party to a lawsuit except as provided under certain specified Acts, including the Court of Claims Act.  See 745 ILCS 5/1 (State

Lawsuit Immunity Act)[2]. The Court of Claims Act provides that the Court of Claims has exclusive jurisdiction to hear certain matters, including "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit[.]" 705 ILCS 505/8(d).

Under certain circumstances, sovereign immunity applies to claims against state employees. See Murphy v. Smith, 844 F.3d 653, 658 (7th Cir. 2016) (a plaintiff cannot evade sovereign immunity by naming state employees as defendants when the real claim is against the State of Illinois), aff'd 138 S. Ct. 784 (2018) (pertaining to attorney's fee issue). Whether the cause of action is actually one against the State depends on the issues involved and the relief sought. Leetaru v. Bd. of Trs. of Univ. of Ill., 2015 IL 117485, ¶ 45 (2015). Specifically, a claim against a state employee is considered a claim against the state when "'there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to

---

[2] The other specified Acts are the Illinois Public Labor Relations Act, the State Officials and Employees Ethics Act, and Section 1.5 of the State Lawsuit Immunity Act. See 745 ILCS 5/1.

have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within the employee's normal and official functions of the State.'" Healy v. Vaupel, 133 Ill.2d 295, 309 (1990) (quoting Robb v. Sutton, 147 Ill. App. 3d 710, 716 (1986)).

Here, Plaintiff's claim is in fact a claim against the State. In Count X, Plaintiff alleges that Defendants owed a duty to "obey the Social Security Act and its implementing regulations as persons administering the Act under authority of Illinois law," (Compl. ¶ 75); breached their legal duty by failing to timely reimbursement Plaintiff (Compl. ¶ 76); and that the breach was extreme and outrageous conduct, outside the law, where Defendants had sole control over the funds necessary to pay the reimbursement and their conduct was not a legitimate exercise of their authority (Compl. ¶ 77). Plaintiff does not allege, however, that Defendants were acting outside the scope of their authority, that they owed Plaintiff a duty independent of their employment with the State, or that Defendants' acts of processing claims were not within their

normal and official functions. Plaintiff's claim is essentially one against the State and is barred by sovereign immunity.

Plaintiff argues that sovereign immunity offers no protection if the plaintiff alleges that the state employee violated statutory or constitutional law. See Murphy, 844 F.3d at 658-59. This exception is premised on the principle that illegal acts performed by state officers are not regarded as acts of the State itself and, therefore, such claims may be brought against the state officer "without running afoul of sovereign immunity principles." Leetaru, 2015 IL 117485, ¶ 45. However, in Parmar v. Madigan, 2018 IL 122265, ¶ 24 (2018), the Illinois Supreme Court held that this exception applies when the plaintiff seeks to enjoin future conduct, not when the plaintiff seeks damages. Plaintiff does not seek to enjoin a past wrong here.

## V. CONCLUSION

For the reasons stated, the Motion to Dismiss First Amended Complaint (d/e 29) filed by Defendants Felicia F. Norwood, James T. Dimas, and Patricia R. Bellock is GRANTED IN PART and DENIED IN PART. Plaintiff's official capacity claims against these Defendants are dismissed without prejudice as barred by the

Eleventh Amendment. Plaintiff's intentional infliction of emotional distress claim is also dismissed without prejudice as barred by sovereign immunity. The motion to dismiss the individual capacity claims as moot is denied.

Pursuant to Local Rule 16.1(B), the Court orders a settlement conference before Magistrate Judge Tom Schanzle-Haskins. The parties shall confer and agree on several possible dates for the settlement conference and then contact Judge Schanzle-Haskins' chambers no later than May 6, 2019.

**ENTERED: April 23, 2019**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**